The' opinion of the court was delivered by
Tilghman, C. J.
The register of wills for the county of Cumberland, admitted to probate a writing exhibited as the testament and last will of William Huff,, deceased, and granted letters testamentary to Robert Peebles, the executor in the said writing named. These letters were afterwards revoked, because the probate was made on the bath of the said Robert Peebles and another person, who were the principal legatees. After the revocation, viz. on the 7th of February, 1825, Peebles exhibited an account of his administration to the register of wills, by whom it was examined and passed, and afterwards transmitted in the usual man *41 ner to the Orphans’ Court. That court, having considered the case, refused to pass any account of the administration of Robert Peebles, because there had been no legal probate of the will, and the letters testamentary had been revoked.
The register has power to take probate of wills of deceased persons, and there is no reason why the executor, to whom letters testamentary are issued, should not be accountable before him, though the letters be repealed. It is not true, as has been sometimes asserted, that all intermediate acts of the executor, between the probate and repeal are void. The payment of a just debt is not void. The estate is discharged by such payment, and the executor entitled to credit. But it is true, that the executor shall not be permitted to gain any preference or personal advantage. An executor to whom probate has been granted, differs from an executor de son tort. ' The former has acted under letters testamentary, from an officer who had jurisdiction in the case. The latter has never acted but under a usurped authority. Au executor de son tort, therefore, cannot be cited to account before the register. It was said by the counsel for the appellees, that before Peebles exhibited his account, he had ceased to be an executor. But it does not follow, that he is not accountable. Temporary administration, pendente lite, and durante minori setate of an executor, are often granted. Yet the person to whom this temporary power has been given, is accountable after it has expired. If the executor, in the case before the court, could have been cited to aecount before this register, he may account voluntarily. To say that he must wait for a citation, would be a most unreasonable doctrine; for then he would be compelled to be a delinquent, and as such subject to costs. It has been objected that Peebles, having obtained a probate improperly, ought not to derive any advantage from it. It is to be observed, that he is not charged with any fraudulent device or practices. The probate was illegal, because the witnesses were interested, and therefore incompetent. And, as to gaining an advantage, it does not appear that he will derive any advantage from the settlement of his account. Whether settled or not, he will be entitled to an allowance for debts of the testator fairly paid. And, if he sets up a debt due to himself, our law gives him no preference. That he should be subject to a citation, is no privilege to him, but a very great advantage to the creditors, and all persons interested in the estate of the intestate. On a citation, the proceedings are summary, and much more expeditious .than actions at law. Another advantage is, that the accountant is put to his oath in order to charge himself, but cannot discharge himself without proof independent of his oath. An opinion was once entertained, that payments made to one who had obtained probate of a will, which was afterwards repealed, were void. And, in support of this principle, 1 Roll.Ab. 909, and Com. Rep. 152, were cited by the counsel for the appellees. But, on belter *42 consideration, these cases have been overruled. The granting of probate by the register of wills is a judicial act, and, while it remains in force, it cannot be contradicted. But the executor, it is objected, derives his authority from the will. He doés so, but the probate, until annulled, being conclusive evidence of the existence of the will, a debtor cannot dispute it, and is therefore justified in making payment to the person who appears to be the executor. This is so plain and reasonable, and the contrary opinion so unjust and inconvenient, that one cannot but wonder it was ever held. In Toller on Executors, 76, 77, 78, the law will be found accurately laid down, except in one instance. Having shown, that payments made to the executor before the repeal of the probate, were valid, he says (page 78,) in case of revocation, all the intermediate cost3 of the executor shall be void. Now, this is a plain contradiction, unless it can be made out, that the receipt of money by an executor is not an act. Perhaps I went too far in saying, that the authority of the executor is derived from the will, and not from the probate. That is the general principle, but there certainly is some degree of authority conferred, indirectly, by the probate, because it is evidence not to be contradicted, that there is a will, and that the person named in it is the executor. A probate of a forged will of a living person, is indeed an absolute nullity; because the register has no jurisdiction, except in case of one who is dead. Such a probate, therefore, is distinguishable from one of a forged will, where the supposed testator is dead; for then the register has jurisdiction. It appears to me, that receipts of money by Robert Peebles, for the debts due to William Huff, and payments made by him of the just debts of Huff, while the probate and letters testamentary were in force, were lawful acts, in consequence of which he might be cited to settle an account before the register, or he might go in and settle it without citation. I am of opinion, therefore, that the Orphans’ Court erred in refusing to examine the account presented to them by the register. Their decree is therefore to be reversed.
The record is to be remitted to the Orphans’ Court, with orders to proceed to the examination of the account, and to pass a final decree thereon.