CALVIN RECORD, administrator, appellant, *vs.* EDWARD
HOWARD, administrator *de bonis non.*

*Probate Court—jurisdiction of.*

The jurisdiction assumed by a judge of probate, so far as it depends upon the
residence of any person, cannot be contested except on appeal in the original
case, unless there is fraud, or want of jurisdiction apparent upon the face of
the record.

Administration commenced upon the assumption that the deceased was a citizen
of Maine, must be closed upon the same assumption, and it will not be com-
petent for parties adversely interested to show that the deceased was a citizen
of another State to affect the distribution of the estate.

Thus, where administration was granted upon a representation that the deceased
at the time of her death was a citizen of Maine, and the record states that this
fact was made fully to appear, and there was no suggestion of fraud, and no
appeal from the decree of the probate court granting the administration, and
the settlement of the estate was proceeded with till the administrator had set-
tled his fourth, and final account, and had applied for an order of final distri-
bution; *Held,* that the domicile of the deceased, at the time of her death, must
be regarded as conclusively settled, not only for the purpose of giving juris-
diction to the probate court, but also for the purpose of distributing the estate;
and that it was not competent to show that the domicile of the deceased, at
the time of her death, was in Ohio, and not in Maine, either to show want of
jurisdiction in the probate court, or to affect the distribution of the estate.

APPEAL from a decree of the judge of probate for this county.

In July, 1857, Vesta A. Perley, the plaintiff's intestate, died a
widow and without issue in the State of Ohio.

At the January term, 1858, of the probate court for this county,
upon the petition of " John Harris, of Turner, in this county," rep-
resenting " That said Vesta A. Perley, of said Turner, daughter
of said John Harris, widow, died . . . in the State of Ohio, seized
and possessed of real estate, goods, and chattels, rights and credits,
in said town of Turner, which ought to be administered according
to law," and praying " that administration be granted to " the
plaintiff; " the facts therein stated being made fully to appear,"
the judge of probate granted the prayer, and appointed the plain-
tiff, who was duly qualified.

In March, 1860, John Harris died, and at the following April term Job Prince was duly appointed administrator of his estate, with the will annexed.

The plaintiff settled his first account of administration, March term, 1859; second account, February term, 1860; third account, March term, 1861; and fourth, and final account, April term, 1864.

At the August term, 1864, of the probate court, on petition of the plaintiff praying that the balance left in his hands on settlement of his final account be decreed· to be paid over to Job Prince, administrator, etc., of the estate of John Harris, father of Vesta A. Perley, she having died without issue, the judge of probate decreed " that the prayer of the petitioner be denied, it satisfactorily appearing that Vesta A. Perley, deceased, was not an inhabitant of this State at the time of her decease, but was an inhabitant of the State of Ohio. And it is also decreed that said Calvin Record transmit to the administrator of the estate of said Vesta A. Perley, in the State of Ohio, if such there be, the said balance named in his petition now remaining in his hands for distribution (deducting therefrom the legal costs arising on the aforesaid petition), to be distributed by said administrator according to the laws of said State." From this decree the plaintiff appealed. The jury returned a verdict finding that the domicile of Vesta A. Perley, at the time of her decease, was in the State of Ohio,

The appellant claimed that the proceedings in the probate court are conclusive upon the appellee; and all the questions, except that of domicile, was to be submitted to the full court, who were to enter such decrees as to said estate and the distribution thereof, as the law requires.

C. Record, pro se.

Wm. P. Frye & J. B. Cotton, for the defendant.

The proceedings of the probate court for this county are conclusive only so far as it had jurisdiction. Even when it has jurisdiction over the general subject, its decrees when exceeding its powers are void. Peters v. Peters, 8 Cush. 543; Jochurnsen v. Suffolk Sav. Bank, 3 Allen, 87.

Record *v.* Howard.

The jurisdiction of a court of limited and special jurisdiction cannot be aided by any waiver of exceptions, or even by express consent. *Sigourney* v. *Sibley*, 21 Pick. 106.

The jury have found the domicile in Ohio.

Personal estate is to be administered according to the *lex domicilii.* *Fay* v. *Haven*, 3 Met. 109, 114; *Jennison* v. *Hapgood*, 10 Pick. 77, 108; R. S., c. 65, § 26.

The administrator in this county was merely ancillary. *Fay* v. *Haven, supra; Davis* v. *Boylston*, 9 Mass. 337, 355; *Stevens* v. *Gaylord*, 11 Mass. 263.

After payment of debts, the court can only order distribution of the balance according to the laws of Ohio, or that the same should be transmitted to the foreign administrator.

WALTON, J. This is a probate appeal case presenting a question of jurisdiction. It is contended that the probate court of the county of Androscoggin did not have jurisdiction, because, as the contestants say, the deceased did not at the time of her death reside in that county. But is this objection now open to them? We think not. The jurisdiction assumed by a judge of probate, so far as it depends upon the residence of any person, cannot be contested except on appeal in the original case, unless there is fraud, or want of jurisdiction apparent upon the face of the record. R. S. of 1857, c. 63, § 6.

Administration was granted upon this estate in 1858, upon a representation that the deceased was of Turner, in the county of Androscoggin; which fact, the record says, was "made fully to appear." Any one aggrieved by this action of the probate court had a right to appeal therefrom at any time within thirty days; and if prevented from so doing by accident or mistake, or defect of notice, or other cause, without fault on his part, the supreme court had power to allow such appeal to be entered any time within a year. (R. S., 1857, c. 63, §§ 19, 21.) No such appeal was taken or claimed. The settlement of the estate was allowed to proceed for over six years, and until the administrator's fourth and final

account had been settled, and an order for final distribution applied for, when, for the first time (so far as appears), objection is made that the deceased, at the time of her death, did not reside in Androscoggin county. No appeal having been taken from the decree of the judge of probate granting administration, and no fraud being shown, and no want of jurisdiction being apparent upon the face of the record, we think this objection comes too late.

We are aware that the law was at one time held otherwise in Massachusetts, as the cases cited by the learned counsel for the contestants show. But the law is now changed in that State as well as this. In fact, the statute, of which ours is a transcript, was first enacted in Massachusetts, and upon recommendation of the commissioners appointed to make the revision of their statutes, which went into effect in 1836. We have the printed report of the commissioners now before us. Referring to the law as it then stood, they say that if an administrator or a guardian is appointed by a judge of probate, who has not jurisdiction of the case, the whole proceedings are considered void, and titles to real estate, as well as all other titles, acquired under such proceeding, are entirely defeated; that if the jurisdiction depends on any question of fact which is provable by parol evidence, such as the place of residence of any deceased person, the evidence to prove that fact would not appear of record in the probate court, and years afterwards it might be impossible to produce the same evidence, or any other, to establish the same fact; that however strong the evidence of the party who denies the jurisdiction may be, it cannot be known that the evidence on the other side was not originally stronger; that as creditors, heirs, legatees, and others interested in the estate, have a right to appear at the inception of the proceedings, and contest the jurisdiction, if they omit to do so, they cannot justly complain of the decision. Mass. R. S. of 1836, c. 83, § 12; Rep. of Com., part 3, pp. 24, 30; Maine R. S. of 1841, c. 105, § 22; R. S. of 1857, c. 63, § 6.

We cannot doubt the wisdom of this change; for questions of domicile are among the most vexatious and difficult that courts of

justice have to deal with; and a rule of law that would never allow such a question to be definitely settled, but would allow every fresh litigant to open it anew, and if he should happen to succeed, thereby overturn a long course of administration, and defeat titles to real estate of more than twenty years' standing (as was done in *Holyoke* v. *Haskins,* 5 Pick. 20, and *Holyoke* v. *Haskins,* 9 Pick. 259), is better calculated to defeat than promote the ends of justice.

But there is another question to be considered. The contestants claim that if the residence of the deceased is to be regarded as conclusively settled so far as to give the probate court jurisdiction of the case, it may nevertheless be controverted for the purpose of controlling the distribution of the estate.

Our conclusion is, that this cannot be done. The jurisdiction assumed by the probate court was original and not ancillary. It was assumed upon a representation (then satisfactorily proved), that the deceased at the time of her death was a citizen of this State. The record so states. No appeal having been taken, and no suggestion of fraud being made, we think the question of domicile must be regarded as conclusively settled for all purposes connected with the administration of the estate. To hold otherwise would subject the settlement of the estate to all the inconveniences which it was plainly the object of the statute to avoid. The record as now made up states in substance that deceased, at the time of her death, was a citizen of Maine. If the record should now be made to say that she was at that time a citizen of Ohio, it would not only be self-contradictory, but self-destructive; for the want of jurisdiction would then be apparent upon the face of the record, and the protective power of the statute would cease to operate. The statute does not apply to cases where the want of jurisdiction is apparent upon the face of the record. The moment, therefore, that the record should be made to say that the deceased, at the time of her death, was a citizen of Ohio, and not a citizen of Maine, that moment the jurisdiction assumed in this case would be shown to be erroneous, and all the proceedings under it would become void, *ab initio,* and the settlement of the estate subjected to all the inconveniences which it was the object of the statute to obviate.

Administration having been commenced upon the assumption that the deceased at the time of her death was a citizen of Maine, and not a citizen of Ohio, and no appeal having been taken or claimed from the decree of the probate court granting the administration, and there being no suggestion of fraud, we think the settlement of the estate must be closed upon the same assumption, and that final distribution must be made according to the laws of Maine, and not according to the laws of Ohio.

> *Decree of the judge of probate reversed; a decree to be entered that distribution be made according to the laws of Maine, and the case remanded to the probate court for further proceedings.*

APPLETON, C. J.; CUTTING, DICKERSON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.