## FRANCISCO *v.* CHICAGO, M. & ST. P. RY. Co.

*(Circuit Court, N. D. Iowa, C. D.   July 24, 1888.)*

EXECUTORS AND ADMINISTRATORS—APPOINTMENT—COLLATERAL ATTACK.

   Where an administrator appears to be duly appointed by the district court of Iowa, which has exclusive jurisdiction of such appointments, the regularity of the appointment cannot be raised collaterally in a suit brought by the administrator.

At Law.   On demurrer to the answer.

Suit by H. E. Francisco, administrator of William E. Brannegan, deceased, against the Chicago, Milwaukee & St. Paul Railway Company, to recover for an accident causing the death of the said deceased.

*Stanbury & Clark, Sherwin & Schermerhorn,* and *M. D. O'Connell,* for plaintiff. .

*George E. Clarke,* for defendant.

SHIRAS, J.   In the petition filed in this cause it is averred that on the 21st day of December, 1887, one William E. Brannegan, then in the employ of the defendant as a fireman on a locomotive, was killed in a collision occurring on defendant's road; it being averred that the collision was caused by negligence on part of the defendant company. It is also averred that the plaintiff has been duly appointed administrator of the

estate of said Brannegan, by the district court of Cerro Gordo county, Iowa, of which county said Brannegan was a resident at the time of his death. In the answer filed by the defendant it is averred that the plaintiff is not the legally appointed administrator of the estate in question, for the reason that the statute of Iowa provides that administration shall be granted first to the wife, or such person as she may select, and, secondly, to the next of kin, and that a period of 20 days is allowed to each class within which to apply for letters; that the letters in this instance were issued to plaintiff upon the petition of one Florence E. Brannegan, who claimed to be the lawful widow of William E. Brannegan, while in fact she was not such, by reason of the fact that when she married the deceased she had a lawful husband then living; that by reason thereof she was not the lawful widow of the deceased, and could not, therefore, exercise the right of selecting the administrator, to the exclusion of the next of kin; and that the act of the Cerro Gordo district court in appointing the plaintiff was therefore void; and that plaintiff cannot maintain this action.

To the second count of the answer setting up the facts stated a demurrer is interposed, thus presenting the question whether the appointment of plaintiff as administrator can thus be attacked. Under the provisions of the statute of Iowa, the district court of Cerro Gordo county had the exclusive right to appoint the administrator of Brannegan's estate. When the application, therefore, was made for the appointment of an administrator, that court had full and exclusive jurisdiction of the subject-matter, and its action in the premises cannot be collaterally attacked. If for any reason the appointment was improvidently made, the remedy lies with that court. So long as the appointment made stands unreversed by that court, the person so appointed must be recognized as the legal administrator of the estate of William E. Brannegan. If the next of kin claim that the court was misled in making the appointment, they should apply to that court for redress. It is not, however, claimed that the next of kin are moving in the matter, or that they object to the appointment of the plaintiff. The defendant is asking the court, in effect, to review the action of the district court of Cerro Gordo county in appointing the administrator, on the ground that the rights of the next of kin were not properly considered, and that the appointment of the present plaintiff is wholly void, because that court ought not to have made the appointment until the 20 days allowed to the next of kin had expired. As already said, that court had full jurisdiction of the application for the appointment of the administrator, and its action on that question is final, so far as this court is concerned. The demurrer to the second count of the answer is therefore sustained.