*In re* HORATIO N. THOMPSON'S ESTATE.

Argued by appellant, submitted on brief by respondent, April 18, 1894. Affirmed April 20, 1894.

No. 8389.

Revocation of decree of distribution.

> An estate having been fully administered, the administration closed, and the administrator discharged, and the real estate assigned to B. F. as sole heir, a will devising the real estate to others was subsequently admitted to probate, and an administrator with the will annexed appointed. *Held*, there being nothing to administer, there could be no legitimate charges of administration under the second administrator for which real estate could be sold; that administrator had no interest in the real estate, and could not apply for a revocation of the decree assigning it.

Appeal by Charles Passavant, administrator with the will annexed of the estate of Horatio N. Thompson, deceased, from an order of the District Court of Ramsey County, *Hascal R. Brill*, J., made May 16, 1893, denying his motion for a new trial.

Horatio N. Thompson of West Middleton, Washington County, Pa., died testate November 3, 1868. He owned lots 56, 57, 58, and

59 in Whitacre, Brisbin & Mullen's Subdivision of lots one (1) and two (2) of Leech's Outlots in St. Paul. By his will he devised to his mother, Elizabeth Thompson, and his two sisters, Harriet D. Stackhouse and Matilda P. Hamilton, all his real estate, to each an undivided third in fee. Within two months after his death his will was duly admitted to probate in Washington County, Pa., and his estate in that state subsequently administered. His devisees seem to have been ignorant of the fact that he owned any property in Minnesota. His mother, Elizabeth Thompson, afterwards died intestate and her undivided third descended to her five surviving children. Her son, Benezet F. Thompson, inherited an undivided fifteenth interest in the St. Paul lots. He afterwards died July 22, 1872, intestate and in June, 1887, his heirs, Harriet I. Arter and Charity A. Thompson, for $200 quitclaimed to Margaret L. Berryhill all their interest and estate in the St. Paul lots. They at the same time presented to the Probate Court of Ramsey County their petition that Charles J. Berryhill, husband of the grantee, be appointed administrator of the estate of Horatio N. Thompson. This petition stated that Horatio N. died intestate and unmarried leaving no issue, parent or sister and that Benezet F. Thompson was his only brother and his sole heir at law. Notice was served by publication and letters of administration were issued to Berryhill and he administered the estate in this state and on his report and petition a final decree of distribution was made August 17, 1888, discharging the administrator and adjudging that Horatio N. Thompson died intestate and that Benezet F. Thompson was his sole heir at law and that the title to the St. Paul lots descended to and vested in him.

Margaret L. Berryhill and husband afterwards sold and conveyed lot 56 to John W. Maloney who bought in good faith and paid $1,600 for it. She and husband also sold and conveyed lots 58 and 59 to John E. Williams who also bought in good faith and paid $3,000 for them. On November 11, 1889, the sister, Harriet D. Stackhouse, presented a certified copy of the will in the Probate Court of Ramsey County and petitioned that court to allow and record the will and appoint Charles Passavant administrator with the will annexed. Laws 1889, ch. 46, §§ 32–34. Margaret L. Berryhill appeared and opposed and the petition was refused. Mrs. Stackhouse appealed to the District Court where the refusal was affirmed. She then

appealed to this court where the order was reversed with direction to the Probate Court to file and record the copy will. *Stackhouse* v. *Berryhill*, 47 Minn. 20. This was done September 3, 1891, and Passavant appointed. On May 27, 1892, Passavant presented his petition in the Probate Court stating the facts and asking that Court to revoke the decree of distribution of August 17, 1888. An order was granted directing all parties interested to show cause August 23, 1892, why this should not be done. The grantees of the lots appeared and answered that the petitioner and her sister had conveyed all their interest in the lots to William K. Gaston and had no interest and that Gaston only could move in the matter. They also answered that the Probate Court had no jurisdiction of the subject matter. But on September 8, 1892, that court granted the petition and revoked the decree of distribution, saying that after hearing testimony of the parties it appeared to the court that the decree of August 17, 1888, was procured by fraud, misrepresentation and false testimony and that it did not appear that the grantees of the St. Paul lots purchased in reliance on that decree without notice or knowledge that it was procured by fraud. The grantees appealed to the District Court where this decree was reversed, the court saying that the question of title to the St. Paul lots could not be determined in the Probate Court, that the proceeding should be taken by the devisees, and not by the administrator with the will annexed, as there are no debts and he has no interest in the real estate. Passavant moved for a new trial, but was refused, and he brings this appeal.

*Daniel W. Doty*, for appellant.

It is conceded that the four St. Paul lots are all the property, real or personal, in this state of Horatio N. Thompson, that there are no debts against his estate except the costs of administration under the will. They already amount to a considerable sum, for publishing notices, paying necessary counsel fees and disbursements, in Probate, District and Supreme courts in establishing the will and in the present proceeding. This real estate is assets in the administrator's hands for the payment of costs of administration under the will. In no other way can these costs be paid but by a sale of this real estate. No steps can be taken to sell until the

final decree of distribution of August 17, 1888, is vacated. *Dampier* v. *St. Paul Trust Co.,* 46 Minn. 526; *Miller* v. *Hoberg,* 22 Minn. 249.

*Charles J. Berryhill,* for respondent.

1866 G. S. ch. 47, § 26, in force when Horatio N. Thompson died provided that all the estate of the testator, real and personal, is liable for the payment of his debts and the expenses of administering his estate. 1866 G. S. ch. 57, § 1, provided that when the personal estate is insufficient to pay debts with the charges of administration the executor or administrator may sell real estate for the purpose.

The Probate Code, Laws 1889, ch. 46, § 107, provides that no claim against a decedent shall be a charge against his estate unless presented within five years after his death and this provision is made applicable to the estates of persons who died prior to its enactment.

From these provisions of statute it appears there can be no debts against the estate requiring a sale of real estate for their payment and that the statute does not authorize a sale of the heir's inheritance to pay expenses of administration. Services of lawyers rendered the devisees twenty years after the testator's death are not to be paid by a sale of the testator's real estate long since passed into the hands of innocent purchasers. No sale of real estate will be ordered to pay expenses of administration alone, if there are no debts of the decedent, or to reimburse the administrator for outlay made by him in the course of administration or to pay debts incurred by the executor or administrator after the death of the testator or intestate. *Owen* v. *Childs,* 58 Ala. 113; *Fitzgerald* v. *Glancy,* 49 Ill. 465; *Walker* v. *Diehl,* 79 Ill. 473; *Dubois* v. *McLean,* 4 McLean, 486; *Dean* v. *Dean,* 3 Mass. 258; *Drinkwater* v. *Drinkwater,* 4 Mass. 354; *Sumner* v. *Williams,* 8 Mass. 162; *Heath* v. *Wells,* 5 Pick. 139; *Campau* v. *Gillett,* 1 Mich. 416; *Moore* v. *Ware,* 51 Miss. 206; *Hollman* v. *Bennett,* 44 Miss. 322; *Farrar* v. *Dean,* 24 Mo. 16; *Fitch* v. *Whitbeck,* 2 Barb. Ch. 161; *Wood* v. *Byington,* 2 Barb. Ch. 387; *Baker* v. *Kingsland,* 10 Paige, Ch. 366; *Nowell* v. *Nowell,* 8 Me. 220; *Torrance* v. *Torrance,* 53 Pa. St. 505; *Walworth* v. *Abel,* 52 Pa. St. 370.

The mandate in *Stackhouse* v. *Berryhill*, 47 Minn. 20, did not require the appointment of an administrator with the will annexed. None was necessary. The appointment was made, however, and now the court is asked by the appointee to set aside the decree of distribution to enable him to sell the real estate of the heir to pay his fees and expenses. It can not be done.

GILFILLAN, C. J. In November, 1868, one H. N. Thompson died in Pennsylvania, leaving real estate in this state. In 1887 an administrator was appointed as in case of intestacy in Ramsey county, in this state. In August, 1888, this administration was closed by a decree of the Probate Court, reciting that all costs and debts have been paid, and the estate fully administered, discharging the administrator, and assigning the real estate to one Benezet F. Thompson, as sole heir at law, without prejudice to any conveyance he may have made of it. He appears to have previously conveyed it, and his grantee conveyed most of it to others. In November, 1889, a will by H. N. Thompson, devising the real estate to others than Benezet F., was produced, and July 21, 1891, admitted to probate in the Probate Court of Ramsey county, and Charles Passavant, the appellant, was appointed administrator with the will annexed. As the title to the real estate passed without administration, as there had been full administration, and as there was no personal property, no debts, and no unpaid legacies, the need for another administrator is not apparent; and what such administrator could do, unless to incur constructive costs, is not apparent. In 1892 Passavant, the second administrator, filed in the Probate Court a petition asking that the decree assigning the property to Benezet F. Thompson be revoked, set aside, and vacated, and that court, by decree dated September 1, 1892, so revoked it. The parties claiming under Benezet F. Thompson opposed the petition, and appealed from the decree to the District Court, which reversed it, on the ground that the administrator, having no interest in the real estate, could not prosecute the petition for the decree.

This decision was right. If it be conceded that real estate may be sold to pay charges of administration, and that, with a view to payment of such charges and debts and legacies, he may take possession of real estate, still in this case there could be no legitimate

v.57M.—8

charges of administration, and there were no debts or legacies. There could be no legitimate charges of administration, for there was nothing to administer. There had already been full administration.

The will having been established, undoubtedly the parties interested in the real estate, to wit, the devisees or their successors in interest, may, on a proper showing before the proper tribunal, have relief in the premises. The District Court as a court of equity is a proper tribunal to grant such relief, but it may be doubted that the Probate Court can do so, though the case does not call for a decision of that point.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 682.)

Application for reargument denied May 2, 1894.