JEPPE LARSON and Others v. B. W. HOW and Another.[1]

January 21, 1898.

Nos. 10,812—(125).

**Probate Court—Proof of Will—Party in Interest Failing to Appear at Hearing—Application to Vacate Order Admitting Will to Probate—Delay—Jurisdiction—Practice.**

A party in interest, who failed to appear and oppose the admission to probate of a proposed will, may apply to the court to vacate the order admitting it to probate, and for leave to appear and oppose its admission. The probate court has the power, upon a proper showing, to grant the application.

**Same—Error to Deny Application.**

*Held,* that in this case the probate court erred in refusing to grant such relief.

In September, 1896, in the probate court for Pope county, Jeppe Larson and Elna Fridlund, son and daughter of Lars Nilson, and one George J. Backus, as the special administrator, by appointment

[1] Reported in 73 N. W. 966.

of the probate court for Stearns county, of the estate of Lars Nilson, deceased, filed their petition and obtained an order upon B. W. How, as administrator with the will annexed of the estate of Nils Larson, and upon the attorney of the legatees under that will, to show cause why the order of the probate court for Pope county, dated April 13, 1896, admitting to probate a certain instrument as the last will of Nils Larson, deceased, should not be vacated. Upon the return day of the order to show cause the probate court, Thorson, J., denied the petition. The petitioners appealed from the order denying their petition to the district court for Pope county, and the order of the probate court was affirmed by C. L. Brown, J. From this order of the district court petitioners appealed to this court. Reversed.

*Child & Fryberger* and *Charles P. Reeves,* for appellants.

On the undisputed facts the order admitting the alleged will to probate was procured through the excusable inadvertence on the part of Kerstin Larson. Palmer v. Pollock, 26 Minn. 433; In re Hause, 32 Minn. 155. The notice of the hearing having been given by publication and there being no appearance, the judgment rendered was one upon default. There being no time limited by statute within which petitioners might move to vacate the default under G. S. 1894, § 4665, subd. 9, equity would follow the law and be governed by section 5206 or 5267. As a matter of right then Kerstin Larson was entitled to have the order of the probate court vacated. G. S. 1894, §§ 5206, 5207; Mackubin v. Smith, 5 Minn. 296 (367); Strong v. Comer, 48 Minn. 66; Doan v. Holly, 27 Mo. 256; Hughes v. Wood, 5 Duer, 603, note; Nye v. Swan, 42 Minn. 243; Schouler, Wills, § 223; 3 Redfield, Wills, 64; Waters v. Stickney, 12 Allen, 1.

In a direct proceeding to test the question of jurisdiction when a want of jurisdiction appears affirmatively upon the face of the record, no presumption can be indulged in. Gary, Prob. § 40, and cases cited; Turrell v. Warren, 25 Minn. 9, 14; Hahn v. Kelly, 34 Cal. 391; Davis v. Hudson, 29 Minn. 27; Culver v. Hardenbergh, 37 Minn. 225, 231; Borough, 28 Pa. St. 256; Doctor v. Hartman, 74 Ind. 221; Mathie v. McIntosh, 40 Wis. 120; Thompson v. Steam-

boat, 2 Oh. St. 26. A judgment by default, void for want of jurisdiction, may be set aside on motion, without showing any excuse for delay in making the motion and without showing merit on the part of defendant. Heffner v. Gunz, 29 Minn. 108; Magin v. Lamb, 43 Minn. 80; Mackubin v. Smith, supra. A probate court may vacate its order procured through surprise or excusable inadvertence. In re Gragg, 32 Minn. 143; In re Mousseau, 30 Minn. 202; Blodgett v. Hitt, 29 Wis. 169. It can vacate an order admitting the will to probate. Brown, Jur. § 123; Black, Judg. § 297; Waters v. Stickney, supra; Schouler, Wills, § 223; 3 Redfield, Wills, 64; Kemp v. Cook, 18 Md. 130.

*E. M. Webster* and *N. H. Miner*, for respondents.

The probate court having acquired jurisdiction of the proceedings and determined the matter upon the merits and upon the evidence, such determination is final until modified or reversed upon appeal, however erroneous the judgment may be. The contestants have never appealed from the original decision. They mistook their remedy when they failed to appear and attacked the judgment of the probate court on the ground of insufficiency of evidence. State v. Probate Court, 19 Minn. 85 (117), and cases cited; Mumford v. Hall, 25 Minn. 347; Greenwood v. Murray, 26 Minn. 259; In re Mousseau, 30 Minn. 202; Graham v. Burch, 44 Minn. 33; Logenfiel v. Richter, 60 Minn. 49; Black, Judg. §§ 268, 633. Until the contrary appears affirmatively on the face of the record, the jurisdiction of the probate court will be presumed. Davis v. Hudson, 29 Minn. 27; Logenfiel v. Richter, supra. The only authority given the probate court to vacate its decisions is that implied by G. S. 1894, § 4665, subd. 9.

The petitioners failed to show that the order of the probate court was procured by or resulted from surprise. In re Hause, 32 Minn. 155. The question of the sufficiency of evidence is not before the court on this appeal. In re Nelson, 62 Hun, 619; In re O'Hagan, 73 Wis. 78; McCurdy v. Neall, 5 Cent. (N. J.) 824; Brown v. Clark, 77 N. Y. 369; Peck v. Cary, 27 N. Y. 9; In re Graham, 56 Hun, 640; In re Stillman, 2 Con. Sur. 207.

MITCHELL, J.

Appeal from an order of the district court affirming the order of the probate court of Pope county refusing to set aside its previous order admitting the last will of Nils Larson to probate, and to grant leave to appear and contest the allowance of the instrument as the last will and testament of Larson.

Larson died, without issue, in Pope county, November 5, 1895, leaving, surviving him, as his next of kin, his father and mother, residing in Sweden, and six brothers and sisters, two of whom reside in Stearns county, in this state, three in Montana, and one in Denmark. His estate consisted exclusively of personal property situated in Stearns county.

The sole beneficiaries of the instrument claimed to be his last will were his brother in Denmark and two brothers living in Montana. On November 29, 1895, these beneficiaries instituted proceedings in Pope county for the probate of the alleged will. The court appointed January 27, 1896, as the time for hearing proofs of the instrument, when all persons interested might appear for or contest the probate of said instrument. A copy of this order was published in a weekly newspaper published in Pope county, once a week for three weeks, the last publication being made December 27, 1895. This was the only notice of hearing given or required to be given. On application of the proponents, the hearing was adjourned to April 13, 1896, at which time the instrument in question was admitted to probate, as the last will of the deceased.

The instrument purported to be attested by two witnesses, Darelius and Larson. The only evidence offered to prove the execution of the will was the testimony, in the form of an affidavit, of Darelius, to the effect that, on the day of its date (April 18, 1894), the instrument was signed, sealed and acknowledged, published and declared by the deceased to be his last will and testament, in the presence of the deponent, who then and there, in the presence of the deceased and at his request, subscribed the instrument as a witness, and that, at the time of its execution, the deceased was, as far as deponent then recollected, of sound and disposing mind and memory. The testimony or affidavit of Darelius is entirely silent as to the other subscribing witness, Larson. No proof was

made of the handwriting of Larson, or that he ever signed the instrument as a witness, either in the presence of the deceased or of Darelius, or in fact that he ever signed it at all. The evidence offered to prove the due execution of the will was therefore wholly insufficient. G. S. 1894, §§ 4436, 4437. This would not go to the jurisdiction of the court, so as to render its order admitting the instrument to probate a nullity; but it is very material in determining whether the court erred in denying the application to vacate the order, and for leave to appear and contest the probate of the instrument.

The order of the court recites that it appeared that the deceased was a resident of Pope county at the time of his death, but no proof of that fact appears to have been produced. The father of the deceased, who was old and of feeble mind, died in Sweden, March 19, 1896, without any knowledge that his son had left any will, or that probate proceedings had been commenced in Pope county. As he was the sole heir of his son if the latter died intestate, and hence the only person immediately or directly interested in opposing the probate of the alleged will, this would dispose of the question of due diligence up to the time of his decease. If the father died intestate, his widow and surviving sons and daughters become the real parties in interest. The affidavits tend to show that none of them knew of the existence of the alleged will or of the pendency of the proceedings to admit it to probate earlier than June 1, 1896. Owing to their widely separated residences, it necessarily took considerable time, through correspondence by mail, to agree and unite on a course of action.

The death of the father rendered it necessary to have an administrator of his estate appointed in Stearns county, where the personal property involved is situated. The application to the probate court to vacate its order admitting the will to probate, etc., was made early in September, 1896, and was brought on for hearing on the 21st of that month. In addition to the facts above stated, the affidavits in support of the application stated that the alleged will was neither executed nor its execution proved as required by law. The only counter affidavit was one by How, who, on May 21, 1896, was appointed by the probate court of Pope county administrator

with the will annexed of the estate of the deceased, stating facts tending to show that the brother and sister who reside in Stearns county had notice of the application for his appointment as administrator a sufficient time before the appointment was made to appear and object to such appointment. He also stated, on information and belief, that they had knowledge, soon after the death of their brother, of the existence of the will, and of the proceedings to probate it; but he states no sufficient or satisfactory reasons for such belief.

We are of opinion that, upon this showing, the petitioners sufficiently explained and excused the delay in making the application, and that they were entitled to the relief asked for. They certainly were entitled to insist that the execution of the alleged will should be legally proved before it was admitted to probate. If the order admitting it to probate had been improvidently made, the court had the power to vacate it; and the course pursued by the petitioners in moving the court to do so was proper and correct practice. In re Hause, 32 Minn. 155, 19 N. W. 973.

The order appealed from is reversed, and the cause remanded, with directions to the trial court to reverse the order of the probate court.