MARY E. CHADBOURNE v. CHARLES L. ALDEN.[1]

May 18, 1906.

Nos. 14,516—(38).

**Probate Court—Decree of Distribution.**

Section 1, c. 346, p. 567, Laws 1901, as amended by chapter 23, p. 29, Laws 1903, relating to decrees of distribution, construed, and *held*, that the probate court of any county wherein lies any part of the lands of a decedent in which a proper petition is first filed for a decree of distribution under this statute has jurisdiction to determine the descent of all lands of the decedent in this state and decree distribution thereof, although a part of them may lie in other counties.

**Order for Hearing.**

It is not necessary that the land should be described in the order fixing the time and place of hearing the petition. The order in this case, which described only a part of the land, is valid as to all of the land.

Appeal by defendant from a judgment of the district court for Sherburne county, entered pursuant to the findings and order of Giddings, J. Affirmed.

*Elmer W. Gray* and *James M. Pulliam,* for appellant.
*Charles Keith,* for respondent.

START, C. J.

Action to determine adverse claims to eighty acres of land in the county of Sherburne which is unoccupied. The complaint was in the usual form. The answer denied that the plaintiff was the owner of the land, and alleged that the defendant was the owner thereof. The trial court found that the plaintiff was the owner in fee simple of the land, and as a conclusion of law that judgment be so entered quieting her title, which was done, and the defendant appealed from the judgment.

The only question raised by the defendant's assignments of error is that the finding that the plaintiff is the owner of the land is not sustained by the evidence. The evidence was sufficient to establish the facts

[1] Reported in 107 N. W. 148.

following: Robert Williams received a patent for the land in question from the United States dated July 1, 1859, which was recorded in the office of the register of deeds of the county of Sherburne September 11, 1860. On April 21, 1903, Isaiah Mudgett filed in the probate court of the county of Mille Lacs a petition in the matter of the estate of Robert Williams, deceased, praying, among other things, that the descent of the lands therein described, being land in the county of Mille Lacs and also the land in the county of Sherburne here in question, of which the intestate died seised, be judicially determined and a decree of distribution made. The petition contained accurate descriptions of the land in both counties, and alleged that the petitioner had an interest in the land in the county of Mille Lacs as grantee of the heirs of the deceased, who died in the county of Yadkin, in the state of North Carolina, in the year 1859; that more than five years had elapsed since his death; that no will had been probated and no administration had been granted in this state upon his estate. The names and residence of the heirs were set out in the petition. Such proceedings were had upon this petition that the probate court on May 18, 1903, made its decree of distribution, wherein it was recited that due notice of the time of hearing of the petition had been given, served, and published according to law and proof thereof duly filed in court, and whereby the lands in both counties were assigned to and vested in John T. Williams and Ellen B. Williams, the children and heirs at law of the deceased. They conveyed to the plaintiff their interest in the land in the county of Sherburne by quitclaim deed.

The defendant claimed to be the owner of the land, but failed to establish any title thereto. He, however, introduced in evidence certified copies of all of the files and records in the probate court of the county of Mille Lacs in the matter of the estate of Robert Williams, deceased, which consisted of the petition, order for hearing thereon with proof of publication, and decree of distribution. The order for hearing on the petition described the land in the county of Mille Lacs, but made no mention of the land in the county of Sherburne. Nor did it contain any recital of the prayer of the petition as to such land. The recital in this respect included only the land in Mille Lacs county. It is the contention of the defendant upon the facts stated that the probate court had no jurisdiction to determine the

descent of the land in the county of Sherburne, and that its decree of descent and distribution is void as to such land.

1. The first reason urged by the defendant in support of this claim is to the effect that the probate court of the county of Mille Lacs could not acquire jurisdiction to determine the descent and decree distribution of the land of which the intestate died seised, except land in the county of Mille Lacs in which the petitioner claimed an interest. We have, then, this question: Did the probate court of the county of Mille Lacs have jurisdiction to enter a decree of descent and distribution embracing lands of the deceased in both Mille Lacs and Sherburne counties, the petitioner claiming an interest in lands in the former county only? If, as the defendant claims, the question must be answered in the negative, then each person having an interest in some of the lands of a deceased party lying in several counties of this state must institute separate proceedings in the probate court of every county in which there are such lands. The result might be a dozen or more independent proceedings to secure a decree of descent and distribution in each probate court of as many counties, if the deceased left land therein, and as many separate decrees in each probate court as there were separate petitioners. Such a construction of the statute under which the proceedings were had in this case must be rejected unless the clear and positive language of the statute forbids it. Such statute, so far as here material, reads as follows:

> Whenever it shall appear by the petition of any person claiming any interest in real property, to the probate court of any county wherein said real property, *or any part thereof,* is situated, that more than five years have passed since the death of any person who died owning said real property or some interest therein, and that no will has been probated and no administration granted in this state upon the estate of such decedent, it shall be the duty of the probate court to issue its order for hearing on such petition and the same shall be served and published as provided by law for the service and publication of notice for hearing of petitions for final decrees in said court and such petitions shall be heard in like manner with the petitions for such final decrees. Laws 1901, p. 567, c. 346, § 11, as amended by Laws 1903, p. 29, c. 23.

The words we have italicised were added by the amendment.

While the statute is not made a part of our probate code, yet it is germane thereto, and refers to it for the procedure upon the petition. It must, then, be construed in harmony with the probate code. The probate courts of this state have jurisdiction of the estates of deceased persons, and the probate court whose jurisdiction is first properly invoked has jurisdiction of the entire estate within the state, no matter in what county any part of it may be situated. Again, when a decree of distribution is made, it may include all of the estate within the jurisdiction of the court. Now, whatever. may have been the proper construction of the statute before it was amended, its meaning is now clear, when it is construed in harmony with the provisions of the probate code. See R. L. 1905, §§ 3654–3657. The words of the statute added by the amendment, "or any part thereof," necessarily imply that the probate court in which the petition is first filed has jurisdiction of the whole of the real property belonging to the estate of the deceased, although only a part thereof lies in the county in which the petition is filed. We accordingly answer the question in the affirmative, and hold that by virtue of this statute the probate court of the county of Mille Lacs had jurisdiction to enter a decree of descent and distribution embracing the lands of the deceased in both Mille Lacs and Sherburne counties, although the petitioner only claimed an interest in the lands situated in the county of Mille Lacs.

2. The second reason urged why the decree is void is that the order for hearing the petition did not refer to the land in the county of Sherburne; hence the probate court did not obtain jurisdiction over any land in that county. The jurisdiction of the probate court of the lands of the deceased in the county of Sherburne attached by virtue of the constitution upon the filing of a proper petition in the county of Mille Lacs. We assume, for the purposes of this case only, that the defendant, who makes no claim to the land derived from the deceased or his heirs or legatees, is in a position to question the validity of the order. No question is made that the order was not duly served by publication. The only objection is that it is void as to the land in the county of Sherburne because it contained no reference to such land. The statute does not prescribe the form or substance of the order; but. the fair inference is that it must state the time and place of the hear-

ing and substantially conform to orders made for hearings on petitions for final decrees pursuant to the probate code. A description in the order of the land belonging to the estate of the deceased is not necessary. The essential thing to be stated in the order is that the petition has been filed to secure a decree of descent and distribution of the estate of the deceased and the time and place of hearing it.

We hold that the order in question was sufficient to give the probate court jurisdiction to hear the petition and make its decree of descent and distribution of the lands described in the petition, although all were not described in the order; and, further, that the finding of fact of the trial court complained of is sustained by the evidence.

Judgment affirmed.