# DAVID H. FRIDLEY v. FARMERS & MECHANICS SAVINGS BANK AND OTHERS.[1]

April 27, 1917.

Nos. 20,156—(284).[2]

**Administration a proceeding in rem.**

1. The administration of the estate of a deceased person is a proceeding *in rem.*

**Same — jurisdiction of probate court.**

2. When the person alleged to be deceased is in fact dead and in fact left an estate within the territorial jurisdiction of the probate court, such court has jurisdiction over the subject matter of administering such estate.

**Same.**

3. When the power of a particular probate court to administer a particular estate is invoked by a petition proper in form, and the court has jurisdiction of the subject matter, its jurisdiction attaches to such particular estate when it takes control of the estate by the appointment of an executor or administrator, or in such other manner as the law prescribes.

**Letters of administration voidable, not void.**

4. If in such case letters of administration be issued to a person not

[1]Reported in 162 N. W. 454.
[2]October, 1916, term calendar.

entitled thereto, they are voidable and may be revoked, but are not void *ab initio*. They are effective to the extent necessary to protect those who in good faith have acted in reliance upon them.

In the matter of the estate of Mary Fridley Price, deceased, the Farmers and Mechanics Savings Bank of Minneapolis, and two other banks, petitioned the probate court for Hennepin county to vacate its findings and decree of December 8, 1915, so far as they found that any order, proceeding or act of that court prior to November 1, 1915, in the matter of the estate, was without jurisdiction or void, except the order allowing the final account of Frederick T. Price as administrator thereof, distributing the estate and discharging Price as such administrator, and that any decree with reference to annulling any order or act in respect to the administration of the estate should have inserted a provision in substance that the same in its operation should be without prejudice to the rights of all innocent third parties who in good faith and in reliance on the orders of the court have dealt with Price as the representative of the estate. The petition was heard upon stipulated facts and the findings and decree amended, Dahl, J. From the order modifying its findings and decree, David H. Fridley, as administrator, appealed to the district court for that county. The appeal was heard before Jelley, J., who set aside the findings and order of the probate court. From the judgment entered pursuant to the order for judgment, the Farmers & Mechanics Savings Bank of Minneapolis, Hennepin County Savings Bank and Union State Bank appealed. Modified.

*James G. Swan* and *Keith, Kingman, Cross & Wallace,* for appellants.
*C. J. Rockwood* and *Ware & Junell,* for respondents.

TAYLOR, C.

In 1896 Frederick T. Price was lawfully married at Wheaton in the state of Illinois to one Rose Smith, who is still living and from whom he has never been legally divorced. On October 2, 1907, a marriage ceremony was performed at the city of Minneapolis in this state between Frederick T. Price and Mary R. Fridley, and thenceforth they lived together in the city of Minneapolis as husband and wife and held them-

selves out as such until the death of Mary R. Fridley, then known as Mary Fridley Price, on November 28, 1914. She had no children and left no will; her mother had died before her death, and her next of kin and only heir was her father, David H. Fridley. Both she and her father believed that Price was her lawful husband, for neither knew that he had a former wife still living. Immediately after her death, Price presented a petition in proper form to the probate court of Hennepin county, in which he stated that he was the surviving husband of Mary Fridley Price, deceased, and asked to be appointed administrator of her estate. Letters of administration were issued to him on December 28, 1914, and he thereafter fully administered the estate, rendered his final account, and caused a final decree to be entered, assigning the property to himself as surviving spouse. The probate proceedings were in all respects regular, and complied in form with all the requirements of the law. In October, 1915, David H. Fridley learned that Price had a former wife still living, and that consequently he had never been the husband of Mary Fridley Price as the marriage between them was absolutely void. G. S. 1913, § 7106. Promptly thereafter, David H. Fridley made an application to the probate court to vacate and set aside all the probate proceedings had by Price as unauthorized and void, for the reason that he was not the husband of the decedent and had no interest in her estate. The probate court granted this application, and made an order, dated December 6, 1915, vacating and annulling all proceedings had under the petition filed by Price, on the ground that the court had acquired no jurisdiction over the estate by the filing of such petition. On January 7, 1916, letters of administration were issued to David H. Fridley.

At the time of her death Mary Fridley Price had money on deposit in three different banks in Minneapolis. After Price had been appointed administrator of her estate, these banks in good faith paid these deposits to him as such administrator. After Fridley was appointed administrator, he brought suit against the banks to recover these deposits. Thereafter and on April 25, 1915, the banks (which had not been parties to the prior probate proceedings) made an application to the probate court to amend and modify its order of December 6, 1915, by striking out the portion thereof which vacated and annulled the entire proceeding

for lack of jurisdiction. Upon this application the probate court modi-
fied its order of December 6, 1915, so that such order vacated and annulled
the final decree, the order allowing the final account of Price, the order
discharging him and his bond, and withdrew and revoked the letters
of administration issued to him, without vacating the other orders or
declaring the proceeding void for lack of jurisdiction. Fridley appealed
to the district court. The district court rendered judgment to the effect
that Price was not the surviving spouse of the deceased; that he never
had any interest in her estate either as surviving spouse or otherwise;
that he was not a person entitled to present a petition for the admin-
istration thereof; that everything done in the premises was without
jurisdiction and void, and that the entire proceeding and each and every
order and decree made therein was vacated, annulled and declared void.
The banks appealed to this court. Price having been convicted in Jan-
uary, 1916, of the murder of Mary Fridley Price (see State v. Price,
135 Minn. 159, 160 N. W. 677), took no part in the proceedings con-
ducted by the banks.

A single question is presented: Whether the probate proceedings
initiated by Price were or were not void *ab initio,* for the reason that
he was not the surviving spouse of the decedent, and did not in fact
have any interest in her estate. All the material facts were stipulated
to in both the probate court and the district court and are conceded in
this court.

The Constitution provides that the probate courts "shall have juris-
diction over the estates of deceased persons and persons under guardian-
ship, but no other jurisdiction, except as prescribed by this Constitution."
[Art. 6, § 7.] The administration of the estate of a deceased person is a
proceeding *in rem,* the estate being the *res.* Morin v. St. Paul, M. & M.
Ry. Co. 33 Minn. 176, 22 N. W. 251; Hutchins v. St. Paul, M. & M. Ry.
Co. 44 Minn. 5, 46 N. W. 79; Ladd v. Weiskopf, 62 Minn. 29, 64 N. W.
99, 69 L.R.A. 785; Lessee of Grignon v. Astor, 2 How. 319, 11 L. ed. 283.
That the person whose estate is sought to be administered is in fact
dead, and in fact left an estate within the territorial jurisdiction of a
particular probate court, are the fundamental facts which give that pro-
bate court jurisdiction of the subject matter of administering such es-
tate. Lessee of Grignon v. Astor, 2 How. 319, 11 L. ed. 283; Fitzpat-

rick v. Simonson Bros. Mnfg. Co. 86 Minn. 140, 90 N. W. 378; Withers v. Patterson, 27 Tex. 491, 86 Am. Dec. 643. The probate court is given no jurisdiction over the estates of living persons (except those under guardianship with which we are not now concerned); and it is universally held that, although evidence be presented justifying the belief that a person is dead and the probate court assumes jurisdiction and administers his estate in the belief that he is dead, yet, if he in fact be living, the entire proceeding is *coram non judice* and utterly void *ab initio,* for the reason that the court had no jurisdiction of the subject matter. Many of the numerous cases so holding are cited in the note found in 4 Ann. Cas. at page 1119. The jurisdiction is limited to the estate of the deceased person and the proceeding is *in rem.* If there be no estate, or if the estate be beyond the reach of the court, there is no *res* upon which the power of the court can operate. This is recognized in Hutchins v. St. Paul, M. & M. Ry. Co. 44 Minn. 5, 46 N. W. 79; State v. Probate Court of Ramsey County, 84 Minn. 289, 87 N. W. 783; Fitzpatrick v. Simonson Bros. Mnfg. Co. 86 Minn. 140, 90 N. W. 378; Hanson v. Nygaard, 105 Minn. 30, 117 N. W. 235, 127 Am. St. 523.

When a person dies and leaves an estate upon which the power of a particular probate court can operate, that court has jurisdiction of the subject matter of administering such estate, and its jurisdiction over the particular estate attaches when it seizes the *res,* that is, when it takes control of the estate in the manner and by the means prescribed by law.

It has already been determined that under our statutes a particular probate court acquires control over a particular estate upon the filing of a proper petition for administration, and that the court acquires no control or jurisdiction over the estate until such petition has been filed. Hanson v. Nygaard, 105 Minn. 30, 117 N. W. 235, 127 Am. St. 523; Bombolis v. Minneapolis & St. L. R. Co. 128 Minn. 112, 150 N. W. 385; Culver v. Hardenbergh, 37 Minn. 225, 33 N. W. 792; Chadbourne v. Alden, 98 Minn. 118, 107 N. W. 148. The statute provides that "no defect of form or in the statement of facts contained in the petition shall invalidate the proceedings." G. S. 1913, § 7288. The precise effect of this provision may not be entirely clear, but it shows

that the legislature intended that a defective petition should not render the proceedings void as distinguished from voidable, and that jurisdiction should attach notwithstanding a defective petition. The rule thus indicated is in accord with the rule adopted by the courts generally.

There are many grounds upon which a probate order or decree may be vacated and annulled in a direct attack upon it, but. which do not render the order or decree void *ab initio* and an utter nullity.

If an administrator be appointed upon the representation that the deceased left no will, and such appointment be subsequently revoked and annulled by the presentation and proof of a will, the acts of the administrator prior to such revocation are valid even in the absence of a statute to that effect, notwithstanding that the fact of intestacy upon which his appointment was based did not in truth exist. 2 Kent, Com. 413; Griffith v. Frazier, 8 Cranch, 9, 3 L. ed. 471; Bigelow's Ex'r. v. Bigelow's Ex'r. 4 Ohio, 138, 19 Am. Dec. 591; Barkaloo's Admr. v. Emerick, 18 Ohio, 268; Schluter v. Bowery Savings Bank, 117 N. Y. 125, 22 N. E. 572, 5 L.R.A 541, 15 Am. St. 494; Franklin v. Franklin, 91 Tenn. 119, 18 S. W. 61; Patton's Appeal, 31 Pa. 465; Kittredge v. Folsom, 8 N. H. 98; Shephard v. Rhodes, 60 Ill. 301; Crocker v. Crocker, 198 Mass. 401, 84 N. E. 476; Foster v. Brown, 1 Bailey (S. C.) 221, 19 Am. Dec. 672; In re Thompson's Estate, 57 Minn. 109, 58 N. W. 682.

If a will be admitted to probate and be subsequently annulled as forged or void, such annulment does not invalidate the prior acts of the executor. Steele v. Renn, 50 Tex. 467, 32 Am. Rep. 605; Brown v. Brown, 7 Ore. 285; Huff's Estate, 15 Serg. & Rawle, 39; Waters v. Stickney, 12 Allen (Mass.) 1, 90 Am. Dec. 122; Woods' Admr. v. Nelson's Admr. 9 B. Mon. 600; Larson v. How, 71 Minn. 250, 73 N. W. 966.

Where the statute requires the administration to be had in the county of which the deceased was an inhabitant, and letters of administration are revoked because the fact of inhabitancy within the county is shown not to have existed, they nevertheless protect all persons who in good faith acted in reliance upon them prior to such revocation.

Williams v. Dougherty, 39 Ind. App. 9, 78 N. E. 1067; Chicago & E. I. R. Co. v. Wolfrum, 136 Ill. App. 161; Monell v. Dennison, 17 How.

Pr. 422; Fisher v. Bassett, 9 Leigh (Va.) 119, 33 Am. Dec. 227; Franklin v. Franklin, 91 Tenn. 119, 18 S. E. 61.

If letters of administration be revoked because issued to a person not entitled thereto, his acts prior to such revocation are valid to the extent necessary to protect those who have dealt with him in good faith. Carr v. Illinois Cent. R. Co. 180 Ala. 159, 60 South. 277, 43 L.R.A.(N.S.) 634; Emery v. Hildreth, 2 Gray (Mass.) 228; Springer v. Shavender, 116 N. C. 12, 21 S. E. 397, 33 L.R.A. 772, 47 Am. St. 791; Francisco v. Chicago, M. & St. P. Ry. Co. 35 Fed. 647; Garrison v. Cox, 95 N. C. 353; Blackborough v. Davis, 1 Salk. 38; Buckner's Admrs. v. Louisville & N. R. Co. 120 Ky. 600, 87 S. W. 777; Matter of Campbell, 192 N. Y. 312, 85 N. E. 392, 18 L.R.A.(N.S.) 606; Morgan v. Dodge, 44 N. H. 255, 82 Am. Dec. 213; Ramp v. McDaniel, 12 Ore. 108, 6 Pac. 456; Succession of Robertson, 49 La. Ann. 80, 21 South. 197; Alabama G. S. R. Co. v. Hill, 139 Ga. 224, 76 S. E. 1001, 43 L.R.A.(N.S.) 236, Ann. Cas. 1914D, 996.

Where the facts essential to jurisdiction over the subject matter exist, and the court has determined from the evidence presented that it has authority to administer a particular estate and has taken control of the estate by appointing an executor or administrator to administer it, the authorities, in the great majority of cases, hold that the order making the appointment is binding and effective until reversed or revoked in a direct proceeding, unless its invalidity appears upon the face of the record, and that it affords full protection to those who, prior to such reversal or revocation, acted in reliance upon it. Kane v. Paul, 14 Peters (39 U. S.) 33, 10 L. ed. 341; In re Owen's Estate, 32 Utah, 469, 91 Pac. 283; Chicago & E. I. R. Co. v. Wolfrum, 136 Ill. App. 161; Missouri Pac. Ry. Co. v. Bradley, 51 Neb. 596, 71 N. W. 283; Buckner's Admrs. v. Louisville & N. R. Co. 120 Ky. 600, 87 S. W. 777; Williams v. Dougherty, 39 Ind. App. 9, 78 N. E. 1067; Crocker v. Crocker, 198 Mass. 401, 84 N. E. 476; Succession of Robertson, 49 La. Ann. 80, 21 South. 197; Record v. Howard, 58 Me. 225; Schluter v. Bowery Savings Bank, 117 N. Y. 125, 22 N. E. 572, 5 L.R.A. 541, 15 Am. St. 494; Wight v. Wallbaum, 39 Ill. 554; Franklin v. Franklin, 91 Tenn. 119, 18 S. W. 61; McPherson v. Cunliff, 11 S. & R. 422, 14 Am. Dec. 642; Fisher v. Bassett, 9 Leigh (Va.) 119, 33 Am. Dec. 227; Carr v. Illinois

Cent. R. Co. 180 Ala. 159, 60 South. 277, 43 L.R.A.(N.S.) 634; Schultz v. Schultz, 10 Grat. 358, 60 Am. Dec. 335.

The principal ground upon which this rule is based is that the records of the probate court import verity, and its orders and decrees are not subject to collateral attack, except for lack of jurisdiction over the subject matter, unless their invalidity is disclosed by the record itself. If the court appointing an executor or administrator had jurisdiction of the subject matter, third parties cannot interpose as a defense, against an action brought by him, that his appointment was unauthorized and wrongful. Debtors of the estate cannot attack his appointment nor refuse to pay upon the ground that he and those who procured his appointment are not interested in the estate and have no right to represent it. As to such debtors the record of the probate court having jurisdiction of the subject matter imports verity, and they are not permitted to question it. And the courts say that where the law requires a party to give full force and effect to an order or decree, and will not permit him to question its validity, the law will also protect him when he acts in obedience to it.

Some courts assign as a ground for the rule that, although the appointment of the administrator may have been unauthorized, he is at least an administrator *de facto* whose acts are valid as to third parties. Fisher v. Bassett, 9 Leigh (Va.) 119, 33 Am. Dec. 227; Succession of Robertson, 49 La. Ann. 80, 21 South. 197; Kittredge v. Folsom, 8 N. H. 98; Morgan v. Dodge, 44 N. H. 255, 82 Am. Dec. 213; Wight v. Wallbaum, 39 Ill. 554, 563; Chicago & E. I. R. Co. v. Wolfrum, 136 Ill. App. 161. And see Culver v. Hardenbergh, 37 Minn. 225, 230, 33 N. W. 792.

Some courts invoke an element of estoppel as a ground for the rule and say that as the heirs, legatees, creditors and others interested in the estate have the right to appear and contest the proceedings at their inception, if they omit to do so, they are not in position to complain after third parties have acted in reliance upon the validity of such proceedings. Record v. Howard, 58 Me. 225; Steele v. Renn, 50 Tex. 467, 32 Am. Rep. 605; McPherson v. Cunliff, 11 Serg. & Rawle (Pa.) 422, 14 Am. Dec. 642; Barkaloo's Adm'r. v. Emerick, 18 Ohio, 268.

In McPherson v. Cunliff, 11 Serg. & Rawle, 422, 14 Am. Dec. 642, the supposed widow of the deceased had procured letters of administra-

tion and had sold a parcel of land under license from the court to provide means for the payment of debts and for the support of herself and her minor children. It was subsequently established that the deceased had a former wife still living and that consequently the supposed widow had never been his wife, yet the court held that the decree of the orphan's court was effective to protect the purchaser of the land.

In Carr v. Illinois Cent. R. Co. 180 Ala. 159, 60 South. 277, 43 L.R.A.(N.S.) 634, letters of administration had been issued to one Dodd upon his petition representing that he was next of kin to the deceased. He was not a relative of the deceased, had no interest in the estate, and initiated the proceedings for the fraudulent purpose of enforcing a claim for damages against the railway company for his own benefit. These letters had been revoked, but the court said they were effective so far as necessary to protect those who in good faith had acted in reliance upon them prior to the revocation.

In McNamara v. Casserly, 61 Minn. 335, 63 N. W. 880, the petition was made and filed by one who alleged that she was the next of kin and sole heir of the deceased, but who in fact was not an heir and had no interest in the estate. This court, instead of holding the proceedings void *ab initio,* held that third parties who had purchased property belonging to the estate in reliance upon the probate decree had acquired rights which could not be ignored, even in a direct attack upon the proceedings.

In Menage v. Jones, 40 Minn. 254, 41 N. W. 972, the jurisdiction of the probate court of Hennepin county to authorize a guardian appointed in the state of New Hampshire to sell the real estate of his wards situated in Hennepin county, was attacked on the ground that the appointment of the guardian in New Hampshire had not been proven by competent evidence. The court said that, at the hearing upon the petition, "it was necessary for the petitioner to show, and for the court to pass on it, that she was guardian by due appointment of the court in New Hampshire, and had complied with the law of this state by filing an authenticated copy of her appointment; but a wrong decision, or a decision on incompetent or insufficient evidence, as to those facts, would be only error to be corrected by appeal, and would not affect the jurisdiction. * * * Whether the appointment in that state was valid or in-

136 M.—23

valid was to be tried and determined on the hearing of the petition for license. The probate court in Hennepin county had jurisdiction."

In the present case Mary Fridley Price died in Hennepin county and left an estate in that county, and the probate court had unquestioned jurisdiction of the subject matter of administering such estate. The court took control of the estate upon the filing of a petition proper in form, and all the proceedings were regular and correct in form. The evidence presented showed that the petition was made by a party entitled to make it, and the court was required to pass upon this evidence and to determine whether administration should be granted, and if so to whom it should be granted. The power of the court was invoked and when, upon a showing of facts justifying such action, it took control of the estate, its jurisdiction attached; and when evidence subsequently presented showed that the representations upon which it had acted, other than those going to the jurisdiction over the subject matter, were untrue, that fact rendered the orders and decrees based upon such representations voidable and subject to revocation, but did not render them void *ab initio* and utter nullities. They were still effective so far as necessary to protect those who in good faith had acted in reliance upon them. To hold otherwise, to hold that probate orders and decrees are forever subject to attack as nullities would unsettle titles and be productive of endless litigation. It would also render those whom the law will not permit to question the validity of such proceedings, and whom it compels to pay debts and deliver property to the executor or administrator without an opportunity to dispute his authority, liable to make payment and to account for the property a second time in case his appointment as executor or administrator should afterwards be annulled.

The cases of Hanson v. Nygaard, 105 Minn. 30, 117 N. W. 235, 127 Am. St. 523 and Bombolis v. Minneapolis & St. L. R. Co. 128 Minn. 112, 150 N. W. 385, did not involve the effect of a petition filed by a party who represented that he was entitled to the estate, or a share thereof, but who in fact had no interest therein. What was there said appropriately indicated the correct practice, but cannot be considered as determinative of the question here presented.

Whether the banks were entitled to appear in the probate court and

contest the proceedings therein, has not been raised in any manner, and is not considered or determined herein.

The case is remanded with directions to the district court to so modify its judgment that it will accord with the views herein expressed.