# Chicago & Eastern Illinois Railroad Company v. John Wolfrum, Administrator.

## Gen. No. 13,265.

1.    GENERAL ISSUE—*what may be shown under.*    A release given
by a former administrator of the plaintiff's intestate who was auth-
orized to make the same may properly be introduced under the
general issue.

2.    ADMINISTRATOR—*effect of acts of, notwithstanding appoint-
ment voidable.*    The acts of an administrator performed in good
faith are valid and binding upon the estate notwithstanding the
appointment of such administrator is voidable.

3.    ADMINISTRATOR—*when appointment of, not void.*    Letters of
administration granted by a probate judge of Illinois for one county
in the State, based on a petition which contained all necessary
allegations to justify the appointment, including the residence of
the deceased in the given county, and on an order of the Probate

Court finding that all the allegations of the petition are true, are not void, although the petition in its allegations and the order in its finding concerning the residence of the deceased in the given county, are incorrect and the order therefore erroneous and revocable on a proper showing.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUT-HILL, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed October 3, 1907.

**Statement by the Court.** This is an appeal from a judgment of the Circuit Court for $1,750 against the appellant (who was the defendant below) for causing the death of appellee's intestate. The death was the result of the fall of a derrick which the defendant was using in clearing away a railway wreck on its road.

The disposition of the appeal here turns on the exclusion of certain evidence offered by the defendant, which did not pertain to the accident, but to an alleged former settlement of the cause of action. As our decision on that matter involves the determination of the cause, we shall not go beyond it to discuss the accident or the liability of the defendant therefor.

Of the pleadings the following matters only need notice. A declaration was filed setting forth that the intestate, Felice Aello, resided at the time of his death and for a year and a half before at Crete in Will county, Illinois, and that the plaintiff, John Wolfrum, had been duly and legally appointed administrator of the estate of said Felice Aello by the Probate Court of said Will county, and that he brought his letters of administration into court. (These letters bore date, June 2, 1903.)

A plea in abatement set up that there was (March 22, 1904) still pending another suit for the same cause of action by one Joseph H. Strong, administrator of Felice Aello, deceased, begun before the case at bar. This plea was traversed by a replication of *nul tiel record,* and subsequently by leave of the court was withdrawn and a plea of the general issue substituted.

C. & E. I. R. R. Co. v. Wolfrum.

On the trial and under this plea of the general issue the defendant offered in evidence a release dated April 18, 1903, signed "Peter Casazza.                                    (SEAL.)
"Administrator of the Estate of Filippo Iallo."

(The identity of Filippo Iallo with Felice Aello is conceded.)

In connection with this release, more particularly described hereafter, various other matters were offered in evidence. They were:

1. A petition filed by one Joseph Iallo on March 31, 1903, in the Probate Court of Cook county, setting forth that Filippo Iallo, his brother, of Chicago Heights, in the county of Cook, had departed this life, etc., and asking to have Peter Casazza appointed administrator of his estate.

2. A record of said Probate Court of Cook county showing an order of said March 31, 1903, on said petition, appointing Peter Casazza administrator, reciting his qualification as administrator, and the approval of his bond of $10,000.

3. Letters of administration of the estate of Filippo Iallo issued to Peter Casazza by the Probate Court of Cook county on March 31, 1903.

4. A petition of Casazza as such administrator filed in the Probate Court of Cook county April 13, 1903, praying for leave to compromise the claim against the Chicago & Eastern Illinois Railroad Company arising out of the death of Filippo Iallo for the sum of $750, and in connection with said petition an affidavit of one Ferrio, attorney for the said administrator, that he deemed such a settlement advisable.

5. A record of the Probate Court of Cook county showing an order of April 15, 1903, which recited that the settlement prayed for by Casazza as administrator appeared for the best interests of the estate and ordered it to be made.

6. A petition of John M. Wolfrum, the plaintiff in the case at bar, filed in the Probate Court of Cook county, June 16, 1903, praying the said Probate Court to revoke the letters of administration theretofore issued to Casazza for the

reason that the said Aello was not a resident of the county of Cook at the time of his death, but was a resident of the county of Will, by the Probate Court of which county he, the petitioner, John M. Wolfrum, had been duly and legally appointed administrator of the estate of said Aello.

With this petition were filed affidavits of Salvadore Aello, a brother, and Ignazia Aello, a sister of the deceased Aello, which asserted that at the time of his death the latter resided in Will county, and alleged that all the proceedings in Cook county had been in fraud of the heirs of said Aello, none of whom, except Joseph Aello, had known of the alleged settlement.

7. A page of a docket of the Probate Court of Cook county containing minutes of the various orders in the administration of the estate of Filippo Aello, including, besides those in the other offered records before described, leave to the administrator granted on April 15, 1903, to pay 25 per cent of the net proceeds after deducting costs and expenses incurred in prosecution and settlement of said cause of action, in full of his attorney's fees. Also a rule on June 16, 1903, on Peter Casazza to file an answer to the petition of Wolfrum in ten days; an order on July 27, 1903, revoking the letters theretofore issued to Casazza, and allowing Casazza an appeal to the Circuit Court; and an order approving an appeal bond.

8. A record of the Probate Court of Cook county, showing the order (as minuted on the docket) of July 27, 1903, revoking letters of Casazza and allowing an appeal.

9. A record of the Probate Court of Cook county showing approval of an appeal bond of Casazza, administrator, on his appeal to the Circuit Court from the order revoking his letters of administration.

10. A transcript from the records of the Circuit Court of Cook county showing that on April 13, 1906, the following order was entered among the proceedings of said court on that day:

"In the Matter of the ⎫
Estate of Filippo Iallo,  ⎬  Appeal—Probate.
        deceased.        ⎭

On motion of appellant's attorney it is ordered that this suit be and the same is hereby dismissed without costs."

The release alluded to was, as before indicated, under the hand and seal of Peter Casazza as administrator of the estate of Filippo Iallo. It was dated April 18, 1903, and purported, in consideration of seven hundred and fifty dollars paid by the Chicago & Eastern Illinois Railroad Company, to release and forever discharge the said railroad company from any and all liability and from payment of any further sum or sums of money for any and every claim said Peter Casazza as administrator of the estate of "Fillipo Iallo" had against the Chicago & Eastern Illinois Railroad Company growing out of the fatal injury to said Filippo Iallo "while he was employed by said company as a track laborer and was engaged in helping to clear a wreck on said company's tracks near the village of Crete in Will county, Illinois, on or about February 27, 1903, when a wrecking derrick of said company was overturned, whereby he was fatally injured."

Evidence was also offered to show that on the execution and delivery of the aforesaid release, or at about the date of the same, the sum of $750 was paid by the Chicago & Eastern Illinois Railroad Company to said Peter Casazza as administrator of the estate of Filippo Iallo; also evidence that no part of said money was ever tendered back to the Chicago & Eastern Illinois Railroad Company, and that said company had never received any of said money from the representatives of the estate of Iallo.

All of these offers were rejected by the trial court and the proposed evidence excluded.

Among other instructions tendered by the defendant and refused was one to the effect that the release bearing date April 18, 1903, signed by Peter Casazza, administrator, was a bar to the prosecution of the case.

The jury rendered a verdict against the defendant in favor
of the plaintiff, John M. Wolfrum, as administrator, and
assessed damages at $1,750. On a motion for a new trial the
defendant assigned among the reasons therefor the exclusion
of proper evidence offered by it, the refusal of the before
mentioned instruction, among others, and that the court
erred "in permitting the plaintiff to attack collaterally in
this suit the validity of the appointment of Peter Casazza as
administrator" of Aello and the order of the Probate Court
which authorized said Casazza as administrator to effect a
settlement with the defendant and to execute a release on the
payment of $750 and the receipt and release executed in pur-
suance of the order of the Probate Court.

These same matters are repeated in the assignments of
error in this court, to which the defendant appealed after
the motion for a new trial was overruled.

CALHOUN, LYFORD & SHEEAN, for appellant; E. H.
SENEFF, of counsel.

B. J. WELLMAN, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

The pivotal question in this cause is: Was the appoint-
ment of Casazza administrator by the Probate Court of Cook
county void or only voidable?

The ground on which the excluded evidence was rejected
and the jury prevented from taking it into account, was that
the appointment was void; that Casazza while holding it was
as truly a stranger to the estate and claim now sued on as
any man in the street who might have assumed to act.

If the appointment were only voidable, it is plain that the
rulings on the admission of the offered evidence were errone-
ous. A question is indeed raised in argument whether the
release or acquittance by an administrator whose appoint-
ment was voidable, and who was afterward superseded by
another administrator who brought the suit, could be in any
event shown under the general issue, but we see no merit

in the contention that it could not.   The law allows, in an action on the case, the proof of a release or acquittance by the plaintiff before the action was commenced..   The plaintiff in this action acted in a representative capacity.   If he had a predecessor in office, either *de facto* or *de jure,* whose acts were under the law valid, the release of that predecessor, if made in good faith while he was acting, was competent and material in evidence.   It could be shown under the general issue, and in the absence of other controlling reasons to the contrary would be a protection to the defendant.   People v. Cole, 84 Ill., 327; C., B. & Q. R. R. Co. v. Gould, 64 Iowa, 343; Bradley v. Missouri Pacific Ry. Co., 51 Neb., 653.

We have not in this case any doubt that the evidence offered tended to prove that Casazza was the predecessor in office of Wolfrum.   It may be conceded, for the sake of argument, that there is nothing in the evidence in contradiction of the presumption raised by the revocation of the letters, that his original appointment was erroneous, although there is at least a serious question raised by the appeal and the subsequent order of the Circuit Court on the motion of appellant dismissing "the suit."   The "suit" could hardly be anything but the petition to revoke the letters.   That petition being dismissed, in what situation were the letters to Casazza left, and who was afterwards the administrator of the estate?   It is needless, however, to discuss this question, for in any event the appointment erroneously of Casazza and its subsequent revocation, if it was merely voidable, left all Casazza's acts, done in good faith and within the powers granted by his appointment, valid.   The appellee in argument practically concedes this, but insists that the appointment was void.   We do not agree with him.   Administration granted on the estate of a live man would be absolutely void, but letters of administration granted by a Probate Court of Illinois for one county in the State, based on a petition which contained all necessary allegations to justify the appointment, including the residence of the deceased in the given county, and on an order of the Probate Court finding that all the allegations of the petition are true, are not void,

although the petition in its allegations and the order in its finding concerning the residence of the deceased in the given county, are incorrect and the order therefore erroneous and revocable on a proper showing.

We hold with Judge Pleasants in Wackerle v. People, 65 Ill. App., 423, speaking for the Appellate Court in the Third District: "County" (or Probate) "courts have jurisdiction over estates in general. Whether a particular county court has jurisdiction of a particular estate is a question of fact to be determined by that court, and when once determined the judgment is conclusive and cannot be questioned in a collateral proceeding."

This also is the reasonable doctrine we think held in Bostwick v. Skinner, 80 Ill., 147; Smith v. Smith, 168 Ill., 488, and Salomon v. The People, 191 Ill., 290. And so also in other States: Bolton v. Schriever, 135 N. Y., 65; Eller v. Richardson, 89 Tenn., 575; Irwin v. Scriber, 18 Cal., 504; Kling v. Connell, 105 Ala., 595.

We do not deem it necessary to discuss the other assignments of error. For the errors indicated the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*