### Frank A. Cobleigh, Guardian, Defendant in Error, v. John A. Matheny, Plaintiff in Error.

1. GUARDIAN AND WARD—*guardian as officer of the court.* A guardian by the appointment of a court holds his office in the nature of, and as an officer of the court appointing him.

2. GUARDIAN AND WARD—*right to require final accounting.* Where a county court having jurisdiction appoints defendant guardian, the appointment of plaintiff as guardian by the court of another county does not transfer the right to require the filing of a final account by defendant from the court which appointed him, and no other court of concurrent jurisdiction can take jurisdiction over the estate that came to his hands as guardian, in the absence of supervising or appellate jurisdiction, unless in pursuance of some statute.

3. GUARDIAN AND WARD—*where two courts attempt to assume jurisdiction.* Where a person is appointed guardian by two different county

courts, the one which by the domicile of the minor has exclusive jurisdiction in the first instance will retain it and such guardian will be subject to it, exclusively, until lawfully discharged therefrom.

4. GUARDIAN AND WARD—*where new guardian is appointed.* Where a new guardian is appointed, having been nominated by the ward who has arrived at the age of 14 years, he should apply to the court which appointed the old guardian for an order to require him to settle his account, and that court having jurisdiction over the person of the old guardian has full power to compel the settlement and delivery of the estate to the new guardian.

5. JURISDICTION—*when concurrent.* In cases of concurrent jurisdiction the court that first obtains jurisdiction will have precedence.

6. GUARDIAN AND WARD—*citation requiring guardian to make final account.* Where a guardian has been appointed in one county and the ward moves into another county, the county court of the second county after appointing a new guardian has no right to issue a citation requiring the old guardian to make a final account since this power is vested only with the court that originally obtained jurisdiction.

7. JURISDICTION—*to appoint guardian.* Where a ward moves into another county, the probate court there, owing to the equitable nature of the proceeding, has power to appoint a new guardian for the convenience of the ward.

Error to the Circuit Court of Fulton county; the HON. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the October term, 1912. Reversed. Opinion filed May 19, 1913.

BROWN & BURNSIDE, for plaintiff in error.

CHIPERFIELD & CHIPERFIELD, for defendant in error.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This was a petition filed in the probate court of Fulton county to the July term, 1911, by the defendant in error, as guardian of Robert Crabtree, praying that a citation be issued against the plaintiff in error for failing to pay over to the defendant in error as such guardian, the amount of money alleged to be in the possession of the plaintiff in error belonging to the ward of the defendant in error. The said probate court caused the writ to be issued and served on plaintiff in

error by the sheriff of Fayette county. The plaintiff in error, attended by counsel, appeared specially before the county court of Fulton county, and filed a plea to the jurisdiction of the court over the person of the plaintiff in error and of the subject-matter, and made a motion that the court dismiss said petition for want of jurisdiction. The court sustained the motions of the plaintiff in error, and on September 4, 1911, dismissed the said petition and abated the writ. The defendant in error on September 12, prayed an appeal which was perfected to the circuit court of Fulton county. The plaintiff in error failed to appear in the circuit court, where a default was entered against him, evidence heard and at the January term, 1912, an order was entered finding that John A. Matheny had been appointed guardian of Robert Crabtree by the probate court of Fayette county more than two years prior to the filing the petition herein; that on April 1, 1910, the probate court of Fulton county appointed Frank A. Cobleigh guardian of said Robert Crabtree and Marie Crabtree upon the nomination of their mother, Effie Asbell, with the consent of said Robert Crabtree, who is a minor over the age of fourteen years, and that at the time of such nomination said Crabtree was a resident of Fulton county; that Cobleigh had given a bond and is the legal guardian of said wards; that on July 11, 1911, notice was served on said Matheny by the sheriff of Fayette county, requiring said Matheny to account to Cobleigh for all the property and estate of said Robert Crabtree in the possession of said Matheny; that said Matheny has in his hands a large amount of property belonging to said minor; that the right of Matheny to act as guardian of said minor terminated on the appointment of said Cobleigh as such guardian; that it is the duty of said Matheny to account with said Cobleigh as guardian and orders that said Matheny present a full, true and perfect account of his actions, as guardian of said Robert Crabtree,

showing the amount of money and property in his hands, and pay over the same to said Cobleigh, guardian, and that he make such account and pay over such money by the first day of the May term, 1912, of the circuit court and on failure to do so he be held in contempt and that a copy of this order be served on Matheny and continuing the cause until the May term, Matheny prosecutes this writ of error to review that order.

The contention of the plaintiff in error is that the probate court of Fulton county has no jurisdiction over the person of plaintiff in error to require a settlement of his account as guardian on the change of guardianship, for the reason that his letters of guardianship had been issued to him by the probate court of Fayette county. The findings of the order made by the circuit court of Fulton county on the appeal from the probate court of that county show that the circuit court found the facts to be that plaintiff in error was appointed guardian of Robert Crabtree by the probate court of Fayette county at a time when that court had jurisdiction over the ward and his estate. A guardian by the appointment of a court holds his office in the nature of, and as an officer of the court appointing him. The appointment of the defendant in error as guardian by the court of Fulton county did not transfer the right to require the filing of a final account by the guardian appointed in Fayette county from the probate court of Fayette county which had jurisdiction over plaintiff in error as guardian of the ward at the time plaintiff in error was appointed guardian, and no other court of concurrent jurisdiction could take jurisdiction over the estate that came to his hands as guardian, in the absence of supervising or appellate jurisdiction unless in pursuance of some statute. *Mail v. Maxwell*, 107 Ill. 554. Where a person is appointed guardian by two different county courts, the one which by the domicile of the minor has exclusive jurisdiction in the first in-

stance and actually obtains it, will retain it and such guardian will be subject to it, exclusively until lawfully discharged therefrom. *Wackerle v. People*, 65 Ill. App. 423, which was reversed however on another question (168 Ill. 250); 15 Am. & Eng. Encyc. of Law, 35.

The minor having arrived at the age of fourteen years had the right, under the provisions of the statute, to nominate the guardian of his estate. When the minor had nominated the guardian of his choice and he had qualified, the new guardian should have applied to the court that had appointed the old guardian, for an order to require him to settle his account, and that court having jurisdiction over the person of the old guardian by virtue of his being an appointee and official of that court had full power to compel the settlement and delivery of the estate to the new guardian, and after settlement, discharge the old guardian from further liability. Sections 15 and 16 of the statute entitled "Guardian and Ward" provide for a final settlement by the guardian at the expiration of his trust and require the filing of an account by such guardian. Section 40 of the same act, provides that the court on the removal of a guardian and the appointment of a successor shall have power to order the delivery of the estate to the successor. It cannot be doubted but that the probate court of Fayette county had primary jurisdiction over and the right to cite plaintiff in error and compel a settlement by the old guardian and the delivery of the estate to the new guardian and it alone could discharge him. He should not be subject to the order of two courts in the same controversy. In cases of concurrent jurisdiction the court that first obtains jurisdiction will have precedence. *Howell v. Moores*, 127 Ill. 67.

It is also contended by plaintiff in error that the probate court of Fulton county had no right in a guardianship matter to issue a citation for a third party and re-

quire him to answer to it for the estate belonging to a ward in his possession, while the defendant in error insists that probate courts have the same powers in matters pertaining to the estates of minors that they have under section 80 of the act concerning administration of estates of deceased persons.  The petition for citation does not mention the fact that the person to be cited was a guardian of Robert Crabtree by appointment of the court in Fayette county and plaintiff in error is not cited as a former guardian.  The Guardianship Act does not contain any such provision as is found in the Administration Act concerning the citation, on motion of the administrator, of third parties having possession of money or effects of deceased persons.  The Guardianship Act, however, does contain ample authority for the court to order guardians, that have been removed, to settle with the new guardian, but we are constrained to hold that this only applies to appointees of the court that is seeking to enforce such settlements. The fact that the probate court has certain limited chancery powers does not give that court any right to coerce parties in guardianship matters, who have not submitted themselves to the jurisdiction of such courts, when the probate court of another county already had jurisdiction over the first guardian.  The findings of the court in the order brought here for review sustain the plea of plaintiff in error.

We hold that this power is vested only in the court that originally obtained jurisdiction of the estate and appointed the guardian whom it is sought to coerce. On the removal of the ward and his mother to Fulton county and his selection of a guardian by the minor on his arriving at the age of fourteen years, the question as to whether the appointment should be made by the court that originally had jurisdiction over the estate of the ward, or by the probate court of the county to which the residence of the ward had been changed-

does not appear to have been directly passed on by the courts of appeal in this state, and the general rule is that the court that originally had jurisdiction in the estate will continue to hold it (15 Am. & Eng. Encyc. of Law, 35; Woerner on Guardianship, p. 93), but this is a question ordinarily of statutory provision. We hold, however, that because of the equitable nature of the proceeding and for the convenience of the ward the court in the county of his residence had the right to appoint a new guardian. The delay of the old guardian, after notice of such appointment, in not settling his accounts and procuring an order from the court of Fayette county to deliver the estate to the new guardian for such a period of time after notice of the selection of the new guardian seems to be inexcusable, yet, the court of Fulton county erred in issuing a citation to Fayette county citing the appointee of the court of Fayette county to answer to the Fulton county court, for failure to settle with the appointee of the Fulton county court. The order is therefore reversed and the citation quashed.

*Reversed.*